UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-20746-WILLIAMS/REID

MITCHELL GROUP USA, LLC, *et al.*,

    Plaintiffs,

v.

RUKAYA ABUBAKARI,

    Defendant.
_____/

# REPORT AND RECOMMENDATION ON MOTIONS TO STRIKE

This cause is before the Court on Plaintiffs Mitchell Group USA, LLC, and Gepardis Health and Beauty, Inc. ("Plaintiffs") motions to strike pleadings filed by Defendant Rukaya Abubakari *pro se*. [ECF No. 17, 24]. Plaintiffs' Motions were referred to the Undersigned by the Honorable Kathleen M. Williams for a report and recommendation. [ECF No. 19]. For the reasons addressed below it is **RECOMMENDED** that Plaintiffs' Motion to Strike Insufficient Defenses [ECF No. 24] be **GRANTED**, and Plaintiffs' Motion to Strike Defendant's Response [ECF No. 17] be **DENIED AS MOOT.**

## BACKGROUND

This is an action for trademark infringement. Plaintiffs filed a complaint alleging that Defendant, Rukaya Abubakari, violated the Lanham Trademark Act (15 U.S.C. §§ 1114 and 1125) and other Florida laws by importing Plaintiffs' beauty and skin care products "from other countries and distribut[ing] them throughout the United States, through direct sales to consumers through online platforms such as Amazon and Abubakari's own internet sales platform which she maintains at rukys.business.site." [ECF No. 1]. According to its complaint, Mitchell distributes

1

and sells skin creams, lotions, and soaps bearing the registered trademark NEOPROSONE. Gapardis distributes and sells soaps, lotions, milks, creams, and gels for the face and body bearing the registered trademarks FAIR & WHITE, PARIS FAIR & WHITE, F&W, SO WHITE!, and PARIS FAIR & WHITE SO WHITE!. These FAIR & WHITE products are manufactured in France, and Gapardis is the exclusive distributor of the products in the United States. [*Id.*]. The products sold in the United States are manufactured to satisfy the standards of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 601, et seq. [*Id.*].

Plaintiffs seek injunctive and monetary relief for Defendant's unauthorized display for sale and sale of their products. Specifically, Plaintiffs' complaint alleges: Infringement of Registered Trademark under 15 U.S.C. § 1114(1)(a) (Count I); Trademark and Trade Dress Infringement under 15 U.S.C. § 1114(1)(b) (Count II); Trademark Infringement under 15 U.S.C. § 1125(a)(1)(A) (Count III); Trademark Infringement under 15 U.S.C. § 1125(a)(1)(B) (Count IV); Florida Deceptive and Unfair Trade Practice Act under Fla. Stat. § 501.201 et. seq. (Count V); Florida Common Law Unfair Competition (Count VI); and Florida Common Law Unjust Enrichment (Count VII). [ECF No. 1].

Additioinally, Plaintiffs moved for a preliminary injunction to stop Abubakari from selling the products. [ECF No. 5]. On November 1, 2022, the Court granted the preliminary injunction, required Plaintiffs to post a bond, and required Abubakari to file an answer or response to Plaintiffs' Complaint by November 18, 2022. [ECF No. 13].

Defendant Abubakari has filed three *pro se* pleadings in the case. First, on May 10, 2022, Abubakari filed a sixty-six-page pleading which appears to request dismissal of Plaintiffs' complaint. [ECF No. 10 at 3]. She claimed she does not currently sell Plaintiffs' product on Amazon but instead "listed th[e] product on the Approval of Amazon in December 2021 to test

the market, the first customer that ordered was Mitchell the plaintiff and based on his negative feedback I quickly removed it and since January 2022 it has not been active on my store on amazon." [*Id.*]. She denied importing Plaintiffs' products, and claimed she bought the products from "wholesalers located in New York" and just re-sold them. [*Id.*]. She also denied that Plaintiff Gapardis is the sole distributor of the product in the United States because she was able to purchase the products from a company located in New York. *See generally* [ECF No. 16]; [ECF No. 24 4–5].

Next, on November 16, 2022, within the Court-ordered deadline for her response to the preliminary injunction order, Abubakari filed another pleading entitled "Response to Notice of Filling (sic) Preliminary Injunction Bond" again denying she had imported the products. [ECF No. 16 at 2]. She argued "the partial preliminary injunction given granted to the plaintiffs should be limited to only [the] two products in this case . . . because Amazon removed them from my e-commerce store already . . . ." [*Id.* at 5]. She claimed that she did not know that Plaintiffs owned the registered names Neoprosone and Fair and White until the case was filed. Notably, the pleading was unsigned, but Abubakari filed a signed version ten days later. [ECF No. 22].

Defendant contended the $10,000 surety bond is so "grievous that $10,000 can never get us back in business." [*Id.* at 2]. She requested this court reconsider the $10,000 bond because it is "100 time less what me and my business is suffering and continue to suffer up till [sic] date and I called on the court to grant me and my business not [sic] less than $500,000." [*Id.* at 3].

Finally, on December 2, 2022, Abubakari filed a pleading entitled "Response to Order" in which she reiterated the same arguments made in her prior pleadings. [ECF No. 23].

Plaintiffs moved to strike Abubakari's *pro se* pleadings. *See* [ECF No. 17 at 1; No. 24 at 1]. According to Plaintiffs, Abubakari represented to Plaintiffs' counsel that her final pleading, the

3

"Response to Order" was her answer to Plaintiffs' complaint. [ECF No 24 at 2]. The crux of Plaintiffs' Motion to Strike is that all of her denials are insufficient because they "do[] not overcome the allegation of display and sale." [ECF No. 24 at 3]. Furthermore, her "lack of knowledge of Plaintiffs' registration of the trademarks is equally immaterial and an insufficient defense" since "'[t]he Lanham Act, 15 U.S.C. § 1072, makes registration of a mark on the principal register constructive notice of the registrant's claim of ownership.'" [*Id.* at 4] (quoting *John R. Thompson Co. v. Holloway*, 366 F.2d 108, 115 (5th Cir. 1966)).

## **LEGAL STANDARD**

Rule 12(f), Fed. R. Civ. P., allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act [either] on its own; or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *See* Fed. R. Civ. P. 12(f)(1), (2). A court has "broad discretion" when a party moves to strike another's defense. *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005).

As a preliminary matter, denials of allegations and affirmative defenses in responsive pleadings are distinct from each other. "An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Travaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (internal citations omitted). On the other hand, a denial is "a defense that simply points out a defect or lack of evidence in a plaintiff's case." *Id.* (internal citations omitted). This distinction is important because striking is a proper remedy if a defendant files an insufficient affirmative defense. *See id*. Denial, however, may be an appropriate response to a claim.

A court can strike an affirmative defense "if it is insufficient as a matter of law." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). "A[n] [affirmative] defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id.* (internal citations omitted). In asserting an affirmative defense, a defendant need not "set forth detailed factual allegations," but "must give the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests." *See Suffolk Constr. Co. v. Edenburg Hosp'y, Inc.*, No. 22-cv-20431-KMM, 2023 U.S. Dist. LEXIS 57925, at *3 (S.D. Fla. Mar. 7, 2023).

## DISCUSSION

Abubakari is a *pro se* litigant and, as such, her pleadings are to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), While her pleadings and documents are unclear, they give fair notice of her defenses and the grounds on which they rest.

Defendant first defense is her claim that she did not import Plaintiffs' products and only bought them from a store in New York and resold them. *See* [ECF No. 16 at 2]. Her defense to Plaintiffs' demand that she stop importing their products [ECF No. 1 at 10] at least in that respect, is clear. She alleges purchased products from distributors in the United States. *See id.*; [ECF No. 23 at 2–4]. To support her denial, she alleges importing the products to sell them in the United States would be too costly. [ECF No. 16 at 4]. Abubakari also seems to have raised some defenses to Plaintiffs' importation allegation which rely on a heavy dose of speculation. While not clearly stated, these additional defenses include that she "suspect[s] that [Plaintiffs] supply their distributors in the United State [sic] with the International Market." [ECF No. 16 at 4].

Plaintiffs' infringement claims do not turn on importation, however, but are based upon her unauthorized display for sale and sale of their products. [ECF No. 24 at 3]. None of those claims contain a requirement that Plaintiffs import the infringing product. As a result, Abubakari's defense is legally insufficient under Fed. R. Civ. P. 12(f) as Plaintiffs correctly contend. While it is true that Plaintiffs' demand for relief includes a demand that Abubakari stop importing their products, that is only one of Plaintiffs' demands. The complaint alleges she is liable for federal trademark infringement and under the state claims even if she did not personally import the products, so long as she displayed and sold the products for which Plaintiffs own the registered trademark and without Plaintiffs' prior authorization. And this, she does admit to doing at least with respect to the products NEOPROZONE and FAIR AND WHITE.

As additional defenses, Defendant's claims that the goods she sold must be genuine because they were acquired from Plaintiffs' distributors. *See* [*Id.* at 4]; [ECF No. 24 at 4]. Plaintiffs claim, however, that she was not authorized to distribute their products, regardless of where she acquired them. Further, the products Defendants had sold were intended for the international market and not the United States. Thus, the claim that the product was genuine and was acquired from Plaintiffs' distributors is also legally insufficient to defend against Plaintiffs' trademark infringement and state claims.

Abubakari's argument that she "never kn[ew] the product Neoprosone is registered in the United States" is clearly an affirmative defense, although insufficient as a matter of law. *See id.*; *Tsavaris*, 310 F.R.D. at 682; [ECF No. 16 at 2]. The Lanham Act, 15 U.S.C. § 1072, makes registration of a mark on the principal register "constructive notice of the registrant's claim of ownership." *See John R. Thompson Co.,* 366 F.2d at 115. Indeed, "The Lanham Act provides national protection of trademarks in order to secure to the owner of the mark the goodwill of his

business and to protect the ability of consumers to distinguish among competing producers." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985). Since registration puts the whole nation on notice of one's ownership, Defendant's defense that she was unaware of the trademark is insufficient as a matter of law and should be stricken. *See Jumpstart Wireless Corp.*, 294 F.R.D. at 671; Fed. R. Civ. P. 12(f).

Abubakari's final defense is that Plaintiffs recognize her as a "credible seller" because the Plaintiffs still send her daily advertisements and promotions of its products. [ECF No. 16 at 4]. Defendant neither provided case law on this matter nor considered why this is a legitimate defense. [ECF No. 24 at 4]. Thus, it should she stricken as insufficient. *See Jumpstart Wireless Corp.*, 294 F.R.D. at 671; Fed. R. Civ. P. 12(f).

In sum, Abubakari's pleadings can be fairly interpreted as an admission that she displayed for sale and sold two of Plaintiffs' products, but a denial of liability because of lack of knowledge of Plaintiffs' trademark and because she did not import the products into the United States. Altogether, Defendant's defenses are insufficient to evade liability for trademark infringement or any of Plaintiffs' claims. As a result, Defendant's responses should be stricken.

Finally, although Defendant did not sign the Response to Notice of Filing Preliminary Injunction Bond, she promptly corrected that by filing an amended Response on December 2, 2022. *See* [ECF No. 22 at 4]. Thus, Plaintiffs' Motion to Strike Defendant's Response [ECF No. 17] should be denied as moot. *See* Fed. R. Civ. P. 11(a).

## **CONCLUSION**

Based on the foregoing, the Court **RECOMMENDS** that Plaintiffs' Motion to Strike Insufficient Defenses [ECF No. 24] be **GRANTED.** Further, the Court **RECOMMENDS** that Plaintiffs' Motion to Strike Defendant's Response [ECF No. 17] be **DENIED AS MOOT.**

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**SIGNED** this 20th day of June, 2023.

*[signature]*

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE


cc:     **U.S. District Judge Kathleen M. Williams**; and

        **All Counsel of Record**