UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-20746-CV-WILLIAMS

MITCHELL GROUP USA LLC, *et al.*,

 Plaintiffs,

v.

RUKAYA ABUBAKARI,

 Defendant.

_____/

# ORDER

**THIS MATTER** is before the Court on Magistrate Judge Lisette M. Reid's Report and Recommendation (DE 34) ("***Report***") on (1) Plaintiffs Mitchell Group USA LLC and Gepardis Health and Beauty, Inc.'s ("***Plaintiffs***") Motion to Strike Defendant Rukaya Abubakari's ("***Defendant***") Response (DE 17) and (2) Plaintiffs' Motion to Strike Insufficient Defenses (DE 24).

In the Report, Judge Reid recommends that Plaintiffs' Motion to Strike Insufficient Defenses (DE 24) be granted and Plaintiffs' Motion to Strike Defendant's Response (DE 17) be denied as moot. (DE 34 at 1.) Defendant filed an Objection to the Report (DE 40), to which Plaintiffs filed a Response (DE 41).

> "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. App[']x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted). The objections must also present "supporting legal authority." Local R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report

to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 Fed. App[']x at 783–84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted).  To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error.  *Macort*, 208 Fed. App[']x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)).  A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge.  *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

*Borges v. Berryhill*, No. 17-22114-CIV, 2018 WL 1083964, at *1 (S.D. Fla. Feb. 27, 2018), *aff'd sub nom. Borges v. Comm'r of Soc. Sec.*, 771 Fed. App'x 878 (11th Cir. 2019).  Defendant does not identify any specific portions of the Magistrate Judge's Report and Recommendation to which she objects.  Defendant instead attempts to make arguments and assert new defenses that were not, in the first instance, presented to the Magistrate Judge.  Nonetheless, the Court conducted a *de novo* review of the Report and Defendant's Objection.

Having carefully reviewed the Report, the Objection, the record, and applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 34) is **AFFIRMED AND ADOPTED**.
2. Plaintiff's Motion to Strike Insufficient Defenses (DE 24) is **GRANTED**.
3. Plaintiffs' Motion to Strike Defendant's Response (DE 17) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 25th day of September, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE